**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

WALTER PHILLIP JONES
ADC # 610198                                                                                           PLAINTIFF

V.                           CASE NO. 5:11CV00211 KGB/BD

VERNON R. ROBERTSON, *et al.*                                                         DEFENDANTS

### RECOMMENDED DISPOSITION

**I.      Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker.  Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.  A copy will be furnished to the opposing party.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.     Procedural History:

Walter Phillip Jones, an Arkansas Department of Correction ("ADC") inmate, filed this action pro se. Based on the allegations in the original complaint, it was not clear whether Mr. Jones could state a constitutional claim, so he was instructed to file an amended complaint setting out more details. (Docket entry #3)

Mr. Jones filed an amended complaint alleging that he was wrongly convicted of assisting other inmates in their escape from the Cummins Unit of the ADC, and that he was denied due process because the only evidence used against him during the disciplinary hearing was from a Computerized Voice Stress Analysis ("CVSA") (#5) Mr. Jones also claimed that he was not advised of his right against self-incrimination before taking the CVSA, which he argues violated his fifth amendment right.

As a result of his disciplinary conviction, Mr. Jones's class status was reduced; he was sentenced to thirty days in punitive isolation; and he forfeited 2,332 days of good-time credit. In addition, he was assigned to administrative segregation where he remained for approximately 600 days without meaningful review.

The Court dismissed Mr. Jones's claims relating to his disciplinary hearing and his fifth amendment self-incrimination claim. (#12) But the Court found that, for screening

purposes, Mr. Jones had stated a due process claim based on his allegations that he was unconstitutionally held in administrative segregation for approximately 600 days. (#9 at p. 6)

Defendants have now filed a motion for summary judgment contending that Mr. Jones failed to exhaust his administrative remedies and failed to state a federal claim for relief. Defendants also argue they are protected by sovereign immunity and qualified immunity and that Mr. Jones is not entitled to any compensatory or mental anguish damages. (#52)

Mr. Jones has responded to the motion. (#59) For the reasons explained below, Defendants' motion should be granted.

### III. Discussion:

   A.   Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine dispute as to any material fact. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986). The moving party bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact. *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. at 2552. If the moving party meets this burden, the nonmoving party must respond by coming forward with specific facts establishing a genuine dispute for trial. *Torgerson v. City of Rochester*, 643 F.3d

1031, 1042 (8th Cir. 2011) (en banc).  When the nonmoving party cannot present sufficient facts to establish a necessary element of the case, the moving party is entitled to judgment as a matter of law.  *Celotex Corp.*, 447 U.S. at 322–23, 106 S.Ct. at 2552.

    B.    Exhaustion

Before prisoners can file suit under 42 U.S.C. § 1983, they must first exhaust all "available" remedies.  42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738, 121 S.Ct. 1819 (2001) (holding that available remedies "must be exhausted before a complaint under § 1983 may be entertained").  For purposes of § 1983, an "available remedy" is one that is "capable of use for the accomplishment of a purpose; immediately utilizable [and] accessible."  *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001).

The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record."  *Jones v. Bock*, 549 U.S.199, 127 S.Ct. 910, 923 (2007); see also *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2385 (2006).

In *Jones*, the Supreme Court clarified that "the level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but *it is the prison's requirements*, and not the PLRA, that define the boundaries of proper exhaustion."  *Jones*, 127 S.Ct. at 923 (emphasis added).

Here, Mr. Jones completely exhausted four grievances. On June 15, 2009, he initiated grievance CU-09-00704. In that grievance, Mr. Jones complained about being interviewed as part of the escape investigation and about being forced to take a CVSA examination. (#52-2 at p. 1, 52-6 at pp. 1-2) The grievance did not mention administrative segregation.

On July 6, 2009, Mr. Jones initiated grievance CU-09-00753. (#52-3 at p. 1) In this grievance, he stated that his due process rights were violated because he was placed in punitive isolation for thirty days after being found guilty of a major disciplinary. (#52-3 at p. 1) He claimed that there was a lack of evidence to support the disciplinary and complained about the conditions in punitive isolation. (#52-3 at p. 1, #52-6 at p. 2) Mr. Jones appealed this grievance but his appeal was denied at each level of the process. (#52-7 at p. 12) Again, the grievance did not mention administrative segregation.

On July 6, 2009, Mr. Jones also initiated grievance CU-09-00754. (#52-4 at p. 1) In that grievance, he claimed that Defendant Robertson did not have "first hand knowledge" of the escape incident, and so should not have been able to testify against him at the disciplinary hearing. (#52-4 at p. 1, #52-6 at p. 2) Mr. Jones named Defendant Robertson in this grievance, but did not raise any issue related to administrative segregation.

On August 19, 2009, Mr. Jones initiated grievance CU-09-00884. In this grievance, Mr. Jones complained that the hearing office administrator failed to follow

ADC policy by not responding to his disciplinary appeal within thirty days. (#52-5 at p. 1, #52-6 at p. 2) The grievance was denied.

Mr. Jones did not raise the due process issue he raises in this lawsuit any of his exhausted grievances.

Mr. Jones received reviews of his assignment to administrative segregation on August 14, 2009; October 8, 2009; December 3, 2009; January 14, 2010; March 25, 2010; May 20, 2010; July 22, 2010; August 26, 2010; September 30, 2010; October 7, 2010; December 2, 2010; January 6, 2011; February 8, 2011; February 11, 2011; and February 17, 2011. All but one of these reviews occurred after Mr. Jones filed his last fully exhausted grievance. Further, as of that August 19, 2009 – the date of Mr. Jones's last grievance – he had only been in administrative segregation for approximately thirty-three days. So, he could not have filed a grievance claiming that he had been confined in administrative segregation for a significant period of time or that he had been denied meaningful review at any of the review proceedings held after August 19, 2009.

Mr. Jones argues that his failure to name any of the Defendants, except Defendant Robertson, in his grievances is not relevant to exhaustion because that requirement is not found in the statute. See 42 U.S.C. §1997e(a). But, as set forth above, the United States Supreme Court has held that the level of detail necessary for an inmate to comply with the grievance procedures depends on the prison's requirements not the statute. *Jones*, 127 S.Ct. at 923 (emphasis added).

Administrative Directive 09–01 contains the Arkansas Department of Correction Grievance Procedure in effect during the time period relevant to this lawsuit. According to ADC 09–01, an inmate must specifically state the substance of the issue including the names of personnel involved in order to allow a proper investigation of the grievance and response. (#52-8 at p. 5) The directions on the grievance form also alert the inmate that he must provide the date, place, name of personnel involved and a statement of how he was affected by the incident. (#52-5 at p. 1)

Mr. Jones did not grieve the claim he raises in this complaint–that Defendants violated his due process rights by assigning him to administrative segregation for approximately 600 days without meaningful review.[1]

## IV.  Conclusion:

Mr. Jones did not exhaust a grievance related to his due process claim. Accordingly, the Court recommends that the motion for summary judgment of Defendants Vernon R. Robertson, William Straughn, Danny Burl, Crystal Wood, Meredith McConnell, Laura Cook, and Leonard Banks's (#50) be GRANTED, and that Mr. Jones's claims against these Defendants be DISMISSED, without prejudice.

---

[1] Because the Court has concluded that Mr. Jones did not exhaust his administrative remedies with respect to his due process claim, it is not necessary to consider the other arguments raised by Defendants in their motion for summary judgment.

DATED this 23rd day of October, 2012.

_____
UNITED STATES MAGISTRATE JUDGE